UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRANCE LONG, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-640 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on Movant Terrance Long's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 1), filed March 7, 2006. The matter is fully briefed and ready for a decision.[1]

## **BACKGROUND**

Movant was charged by indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, Cocaine Base, and Marijuana, in violation of 21 U.S.C. § 841 and one count of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841. (4:04CR581 JCH, Indictment, Doc. No. 1). On March 3, 2005, Movant pled guilty to both counts. (Id. at Doc. No. 400, 401). On May 27, 2005, the Court sentenced him to a 108 month term of imprisonment followed by four years of supervised release. (Id. at Doc. No. 519). Movant did not file an appeal.

---

[1] Long did not file a Traverse, although he had almost a year to do so.

On March 7, 2006, Movant filed his § 2255 Motion, which presented the following grounds for relief:[2]

1. Movant received ineffective assistance of counsel because his attorney Steven Stenger ("Stenger") advised him to sign the plea agreement, which stated that he was part of a conspiracy to sell more than 100 grams of heroin, even though he "had no involvement" with the conspiracy;

2. Movant received ineffective assistance of counsel because Stenger persuaded him to sign the plea agreement by promising that he would only receive a sixty month sentence due to his cooperation with Respondent (the "Government");

3. Movant received ineffective assistance of counsel because Stenger advised him to waive his right to an evidentiary hearing;

4. Movant received ineffective assistance of counsel because Stenger did not explain how a downward departure for substantial assistance is earned and did not file a downward departure motion;[3]

5. Movant received ineffective assistance of counsel because Stenger did not object to his criminal history points calculation on the basis of "over representation," and "no sign of committing crimes in the future;"

6. Movant received ineffective assistance of counsel because his attorney did not object to his Presentencing Report ("PSR") and file a motion for a downward departure based on his mitigating role.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based

---

[2]Movant also filed a Motion for Downward Departure of his Sentence. (Doc. No. 2). It contained the same allegations as his § 2255 Motion. The Court has reworded and reorganized some of Movant's claims for the sake of clarity.

[3]The § 2255 Motion alleges that counsel did not explain "other opinions (sic) to file under 5K1.1."(Doc. No. 1 pg. 8).

on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043. Self-serving and conclusory statements "will not suffice to command a hearing." Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995). Stated another way, Movant must present some credible, non-conclusory evidence that he would not have pled guilty if he had been properly advised by his counsel. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

Finally, Movant's claims must be evaluated in light of the fact that he entered a guilty plea. Although a guilty plea in open court is not impervious to collateral attack, the rule is that "a defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Pennington v. United States, 374 F. Supp. 2d 813, 815 (E.D. Mo. 2005). Thus, Movant has a heavy burden to overcome his admissions at the plea hearing and show that his plea was involuntary. Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

### **Ineffective Assistance of Counsel Standards**

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

Claim 1

Movant claims that he received ineffective assistance of counsel because Stenger advised him to sign the plea agreement, which stated that he was in a conspiracy to sell more than 100 grams of heroin, even though he "had no involvement" with the conspiracy.

In his plea agreement, Movant admitted that he "knowingly and intentionally joined in an agreement with other persons to distribute and possess with intent to distribute heroin and cocaine base ... ." (Resp., Doc. No. 5 Ex. A pg. 8-9). He admitted that he was a "distributor of heroin and cocaine base ... in an organization led by Andrew Evans." (Id. at pg. 9). He acknowledged that he

"voluntarily entered into both this plea and these agreements, recommendations and stipulations." (Id. at pg. 14). He admitted that he was "fully satisfied with the representation received from defense counsel." (Id. at pg. 13). In an affidavit, Stenger confirms that Movant read and accepted the plea agreement. (Id. at Ex. B ¶ 3(a)).

Upon consideration, Movant fails to offer any credible evidence that his counsel's performance was deficient or that any prejudice resulted from his counsel's actions. Sanders, 341 F.3d at 722. Accordingly, Claim 1 is denied.

Claim 2

Movant alleges ineffective assistance of counsel because Stenger improperly induced him to sign the plea agreement by promising that he would only receive a sixty month sentence due to his cooperation with the Government.

The plea agreement provided that the exact length of his sentence would be determined by the Court because a criminal history score must be calculated. (Resp., Doc. No. 5 Ex. A pg. 8). It stated that the Court is not bound by the parties' recommendations. (Id.). Stenger thoroughly discussed the United States Sentencing Guidelines with Movant, but made no prediction about the length of his sentence. (Id. at Ex. B ¶ 3(a)).

Upon consideration, Movant fails to show that Stenger's performance was deficient or that his actions prejudiced Movant because his conclusory allegation is refuted by the record. Nguyen, 114 F.3d at 703. Accordingly, Claim 2 is denied.

Claim 3

Movant alleges that he received ineffective assistance of counsel because Stenger advised him to waive his right to an evidentiary hearing. Stenger allegedly told him someone was "speaking against him" and that this statement would lead to a longer sentence. (Doc. No. 1 pg. 6).

- 5 -

Stenger advised Movant of the benefits and risks of waiving his right to an evidentiary hearing. (Resp., Doc. No. 5 Ex. B ¶ 3(c)). Movant agreed that waiving the evidentiary hearing was in his best interests. (Id.). United States Magistrate Judge Mary Ann Medler held a hearing before allowing Movant waive his right to an evidentiary hearing. (4:04CR581 JCH, Doc. No. 400). His plea agreement acknowledged that he was waiving his rights. (Resp., Doc. No. 5 Ex. A).

Upon consideration, Movant's conclusory allegation that his counsel's performance was deficient is refuted by the record. Nguyen, 114 F.3d at 703. As such, Movant's claim fails because he cannot satisfy Strickland. Claim 3 is denied.

Claim 4

Movant alleges he received ineffective assistance of counsel because Stenger did not properly explain how a § 5K1.1 downward departure is earned and did not file a § 5K1.1 downward departure motion.[4]

In the plea agreement, Movant acknowledged that neither he nor the Government would "request a sentence above or below the applicable guideline range." (Resp., Doc. No. 5 Ex. A pg. 3). He agreed that the Government could file a § 5K1.1 downward departure motion if he provided substantial assistance. (Id. at pg. 4). He understood that the Government determined what constituted substantial assistance and determined whether to file a motion for downward departure. (Id.). Stenger explained the benefits and risks of cooperating with the Government to Movant. (Id. at Ex. B ¶ 3(b)). Furthermore, Movant did not fully cooperate with the Government in its investigation. (Id.).

---

[4]The Government may file a motion for a downward departure from the sentence recommended by the guidelines when the defendant provides the Government with "substantial assistance." U.S. Sentencing Guidelines Manual § 5K1.1 (2004).

Upon consideration, the Court finds that Stenger's performance was not deficient because Movant's conclusory allegation is refuted by the record. Nguyen, 114 F.3d at 703. The record shows that Stenger explained how a § 5K1.1 downward departure is earned. The record also shows that Stenger could not file a § 5K1.1 motion without violating the plea agreement. Claim 4 is denied.

Claim 5

Movant alleges that he received ineffective assistance of counsel because Stenger did not object to his criminal history points calculation for "over representation" and did not argue that Movant would not commit anymore crimes.

Upon consideration, Movant's cannot show that his counsel's performance was deficient. Movant fails to allege that a single fact in his criminal history is false. Sanders, 341 F.3d at 722. Furthermore, Stenger was not deficient for failing to argue that Movant deserved a downward departure because he showed no sign of committing a crime in the future. Such an argument would have been meritless, and counsel is not required to make a meritless argument. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992). Claim 5 is denied.

Claim 6

Movant alleges that he received ineffective assistance of counsel because Stenger did not argue that he deserved a downward departure based on his "mitigating role."

The plea agreement stipulated that Movant was part of a criminal conspiracy aimed at distributing crack cocaine and heroin. (Resp., Doc. No. 5 Ex. A pg. 8-9). Specifically, Movant obtained heroin, cut it, diluted it, distributed it, discussed its price with Andrew Evans, and returned a portion of his sale proceeds to Andrew Evans. (Id. at pg. 9). Movant waived his right to file a downward departure motion in exchange for the Government foregoing its right to seek a sentence enhancement. (Id. at Ex. B ¶ 3(e)).

Upon consideration, the Court finds that Stenger's performance was not deficient. Movant has not presented any evidence showing that he acted in a "mitigating role." Additionally, Movant voluntarily waived his right to file a motion for downward departure. Thus, it would have been meritless for Stenger to file such a motion. See Thomas, 951 F.2d at 904. Claim 6 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Movant's Motion for a Downward Departure of Sentence (Doc. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 31st day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE